**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1178 PSG (AGRx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | Curtis Walker v. Metropolitan Life Ins. Co., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order DENYING Defendant's Motion to Dismiss**

Before the Court is Defendant's motion to dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the submitted papers, the Court hereby DENIES the motion.

I. Background

Curtis Walker ("Plaintiff") was working for Kaiser Permanente as an Information Technology Consultant and Project Manager when, in February of 2004, he suffered a stroke. He was soon plagued by multiple health problems, including a neuromuscular disorder, weakness, fatigue, numbness, pain, and shortness of breath. On March 26, 2004, Plaintiff's health problems forced him to take a leave of absence from his job, and sometime thereafter, a Kaiser Permanente neurologist determined that Plaintiff was permanently disabled and incapable of returning to his occupation. Plaintiff asserts that his employer, Kaiser Permanente, had contracted with Metropolitan Life Insurance Company ("Defendant") to provide disability coverage for its employees. Accordingly, Plaintiff applied to Defendant for long-term disability benefits. Plaintiff alleges that Defendant refused to pay his benefits because Defendant claims Plaintiff is not suffering from a disability that would prevent him from working in his prior position.

On March 7, 2008, Plaintiff filed an action against Defendant alleging breach of the group insurance plan and seeking reimbursement for disability payments, declaratory and injunctive relief, and attorney's fees and costs (case number CV 08-1627 PSG (VBKx), hereinafter "Initial Action") . The Court's scheduling order required opening trial briefs to be filed by January 6,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1178 PSG (AGRx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | Curtis Walker v. Metropolitan Life Ins. Co., et al. | | |

2009. After months of settlement negotiations, the parties filed a joint stipulation requesting a continuance of the trial date and briefing schedule. The Court denied the request. Both parties subsequently filed untimely opening trial briefs, and on February 2, 2009, the Court struck the briefs submitted by both parties and dismissed the case for failure to comply with a court order pursuant to Fed. R. Civ. P. 16(f)(1)(C).

Plaintiff then filed the instant action two weeks later, again alleging breach of the group insurance plan and seeking the same relief prayed for in the Initial Action. Plaintiff has also appealed the dismissal of the Initial Action. Defendant now moves for dismissal of the complaint based on the doctrine of res judicata.

II. Legal Standard

The doctrine of res judicata "'is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts.'" *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981) (internal citation omitted). Res judicata, or claim preclusion, bars relitigation of a cause of action between the same parties or their privies that received a final judgment on the merits. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citing *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979)). Res judicata will apply when there is "(1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

III. Discussion

A. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens*, 244 F. 3d at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). New claims may be barred if they are based on the same nucleus of facts and such claims could have been raised in the earlier action. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks and citation omitted).

The Initial Action and the instant complaint are nearly identical except for the addition of

one paragraph in the complaint pertaining to how damages should be calculated.[1] The addition of this paragraph is insufficient to establish that Plaintiff is seeking redress for a different harm than that which was already dismissed in the Initial Action. In both actions, Plaintiff is seeking payment of long-term disability benefits he alleges Defendant has fraudulently withheld. Therefore, the relevant "transactional nucleus of facts" in both claims arise from Defendant's determination that Plaintiff is not entitled to long-term disability benefits despite Plaintiff's contention that he is permanently disabled. The Court concludes that there is identity of claims because the Initial Action and the Complaint are governed by the same "transactional nucleus of facts." Thus, this element of res judicata is satisfied.

B. Final Judgment on the Merits

At issue is whether the dismissal of the Initial Action acts as an adjudication on the merits. The Court's dismissal of the Initial Action was pursuant to Fed. R. Civ. P. 16(f)(1)(C) because of Plaintiff's clear violation of the Court's scheduling order. Fed. R. Civ. P. 16(f)(1)(C) states:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.

Rule 16 scheduling orders control the course of action in a case, and "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

The Court dismissed the Initial Action pursuant to Fed. R. Civ. P. 16(f)(1)(C) because Plaintiff violated the Court's scheduling order, which set January 6, 2009, as the last day to file opening trial briefs, and February 10, 2009, as the start of trial. *Request for Judicial Notice*, Ex.

[1] Paragraph 29 of the Complaint states "WALKER contends that Defendants are not entitled to a credit, or offset for his dependent's receipt of Social Security benefits nor are they entitled to subtract the amount of his dependent's Social Security benefits from his long term disability benefit payments."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1178 PSG (AGRx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | Curtis Walker v. Metropolitan Life Ins. Co., et al. | | |

B.[2] On January 5, 2009, just one day before opening trial briefs were due, the parties filed a joint stipulation requesting a continuance of the trial date and related briefing deadline dates, which the Court denied. *Id*. at Ex. C. Both parties subsequently filed untimely trial briefs: Defendant on January 13, and Plaintiff on January 27. *Id*. Plaintiff's belated filing, a mere two weeks before the start of trial, was even noted by Defendant, who filed a brief in light of Plaintiff's failure to submit a timely opening trial brief. *Id.* Thus, Plaintiff not only failed to file an opening trial brief by the deadline, but filed it three weeks late and on the verge of trial, in blatant violation of both the Court's scheduling order and order denying the joint stipulation.

"A scheduling order 'is not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal citation omitted). Rule 16 is designed to help courts manage increasingly busy dockets, and courts have repeatedly upheld dismissals for a party's failure to comply with pretrial orders. *See Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.") The Court's dismissal of the Initial Action was largely predicated upon Plaintiff's failure to comply with, and disregard of, the scheduling order and order denying the joint stipulation.

Plaintiff contends that the Court dismissed the Initial Action pursuant to Local Rule 41-1, which allows a court to dismiss a claim "for want of prosecution" when an action has been pending for an unreasonable amount of time. Dismissals pursuant to Local Rule 41-1 are without prejudice "[u]nless the Court provides otherwise." L. R. 41-2. Plaintiff asserts that the Court dismissed the Initial Action without prejudice for lack of prosecution because the Court did not otherwise specify. Yet, as explained above, the Court dismissed the Initial Action

---

[2] Defendant asks the Court to take judicial notice of the original complaint, the scheduling order, the Court's docket for the original complaint, the order dismissing the original complaint, and Plaintiff's notice of appeal. The Court may take judicial notice of orders by other courts as well as pleadings of another court when those pleadings contain adjudicative facts relevant to the issue at hand. *See* Fed. R. Evid. 201; *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203 n.5 (9th Cir. 1995) (reversed on other grounds); *Powell v. Alleghany Corp.*, No. CV 01-2546, 2001 U.S. Dist. Lexis 25411, at *3 n.1 (C.D. Cal. June 21, 2001). Plaintiff has not objected to the propriety of judicial notice. Accordingly, the Court takes judicial notice of the original complaint (Ex. A), the scheduling order (Ex. B), the Court's docket (Ex. C), the dismissal of the original complaint (Ex. D), and the notice of appeal (Ex. E).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#17**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1178 PSG (AGRx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | Curtis Walker v. Metropolitan Life Ins. Co., et al. | | |

pursuant to Fed. R. Civ. P. 16(f)(1)(C) for failure to comply with a court order. *See Request for Judicial Notice*, Ex. E. Local Rule 41-1 is inapplicable to the dismissal order because the rule does not address dismissing a cause of action for failure to comply with a court order. Furthermore, federal rules control the manner in which a federal action is handled from beginning to end, and local rules generally only apply to matters not covered by the Judicial Code, Federal Rules of Civil Procedure, or the Federal Rules of Evidence. *See* Fed. R. Civ. P. 83; 28 U.S.C. 2071; *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2nd Cir. 1991) (holding a local rule related to filing procedures governed the case because federal rules were silent on the matter).

The Court was managing its heavy caseload and imposed an appropriate sanction upon Plaintiff by dismissing the Initial Action pursuant to Fed. R. Civ. P. 16(f)(1)(C). However, the Court did not dismiss the Initial Action with prejudice, and therefore there was no adjudication on the merits. Thus, res judicata does not bar the instant action. Accordingly, the Court need not reach the final prong of the res judicata analysis.

IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED.**